## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**DARYL ANTHONY GREEN**

    Appellant,

    v.

**1900 CAPITAL TRUST II,** *by U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Certificate Trustee,* **and**

**NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,**

    Appellees.

Civil No. **PJM-21-0680**

Civil No. **PJM-21-1334**

Civil No. **PJM-21-2443**

## MEMORANDUM OPINION

Appellant Daryl Anthony Green has appealed several Orders of the United States Bankruptcy Court for the District of Maryland arising from his Chapter 13 bankruptcy proceeding. These three appeals are all brought against Appellees 1900 Capital Trust II, by U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Certificate Trustee ("1900 Capital") and NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). *See* Adv. No. 20-0047. The first appeal, Case No. PJM-21-680, seeks review of an Order denying his motion to reconsider an order striking a motion to compel. The second appeal, Case No. PJM-21-1334, seeks review of an Order striking his Motion to Cancel Proceedings Scheduled for July 2021 and to Enforce Stay Pending Appeals and for Contempt and mandating that he obtain leave prior to filing substantive motions. The third appeal, Case No. PJM-21-2443, seeks review of an Order striking his motion for sanctions and ordering him to show cause. For the reasons set forth below, each appeal will be **DISMISSED.**

1

## FACTUAL AND PROCEDURAL BACKGROUND

On March 18, 2019, Green filed a voluntary Chapter 13 petition for bankruptcy. As part

of that proceeding, 1900 Capital, in conjunction with its loan servicer, Shellpoint, filed a proof of

claim asserting that Green owed $687,049.04. The Proof of Claim was based on a note Green

executed on August 24, 2007, promising to repay a $417,000 mortgage loan (the "Note"). The

same day, Green also executed a deed of trust granting Mortgage Electronic Registration Systems,

Inc., acting as a nominee of C&F Mortgage, a security interest in the property at 15416 Cedar

Drive in Accokeek, Maryland (the "Property").[1]

### A. The Proof of Claim

The Court has previously addressed other appeals by Green of Bankruptcy Court orders

relating to Appellees' proof of claim and incorporates by reference its opinion and orders resolving

those appeals. *See Green v. 1900 Cap. Tr. II by U.S. Bank Tr. Nat'l Ass'n*, 619 B.R. 121 (D. Md.

2020), *appeal dismissed sub nom. Green v. 1900 Cap. Tr. II by U.S. Bank Tr. Newrez LLC*, 834 F.

App'x 14 (4th Cir. 2021), and *aff'd sub nom. Green v. Shellpoint Mortg. Servicing*, 834 F. App'x

18 (4th Cir. 2021). Because the Court described in those rulings the procedural history of Green's

bankruptcy proceedings and past appeals, it will summarize the history only as relevant here.

---

[1] On June 11, 2015, prior to Green's voluntary Chapter 13 petition for bankruptcy, a foreclosure action on the Property was filed in the Circuit Court for Prince George's County, Maryland. *Rosenberg v. Green*, No. 15-16453 (Md. Cir. Ct.); *see In re Papatones*, 143 F.3d 623, 625 n.3 (1st Cir. 1998) (noting in a bankruptcy appeal that "appellate courts may notice another court's record as an adjudicative fact"). After prolonged litigation, the case appears to have been stayed pending the resolution of Green's bankruptcy petition.

Separately, on March 17, 2017, Green filed a case in this Court against the parties and counsel involved in the foreclosure action. *Green v. Rosenberg & Assocs., LLC*, No. PJM-17-0732, 2018 WL 1183655, at *1-2 (D. Md. Mar. 7, 2018). This Court dismissed the case and denied Green's motion for reconsideration. On July 23, 2018, both orders were affirmed by the United States Court of Appeals for the Fourth Circuit. *Green v. Rosenberg & Assocs., LLC for PrimeStar-H Fund I Tr.*, 731 F. App'x 240, 241 (4th Cir. 2018).

2

In his main bankruptcy proceeding, Green objected to Shellpoint's proof of claim, arguing, among other things, that the Note submitted by Shellpoint was fraudulent and that his alleged signature on the Note was forged. *Green v. 1900 Cap. Tr. II by U.S. Bank Tr. Nat'l Ass'n*, 619 B.R. at 126. In response, Shellpoint asserted that it had properly substantiated its claim and that Green had not properly established any of the grounds for disallowance of a claim set out in 11 U.S.C. § 502(b). *Id.* On July 24, 2019, the Bankruptcy Court overruled Green's objection, holding that Shellpoint submitted evidence sufficient to satisfy the requirements for proof of a claim and so was *prima facie* evidence of the claim's validity. *Id.* On August 1, 2019, Green filed a second objection to the proof of claim, which the Bankruptcy Court again overruled. *Id.* Green appealed to the district court, which affirmed in part and vacated in part, remanding the fraud issue to the Bankruptcy Court for resolution. Green appealed that ruling to the Fourth Circuit, which affirmed. *See Green v. 1900 Cap. Tr. II by U.S. Bank Tr. Nat'l Ass'n*, 619 B.R. 121 (D. Md. 2020), *appeal dismissed sub nom. Green v. 1900 Cap. Tr. II by U.S. Bank Tr. Newrez LLC*, 834 F. App'x 14 (4th Cir. 2021), and *aff'd sub nom. Green v. Shellpoint Mortg. Servicing*, 834 F. App'x 18 (4th Cir. 2021).

## B. The Adversary Proceeding and Resulting Appeals

On August 7, 2020, Green filed an Adversary Complaint in the Bankruptcy Court against Appellees. The Adversary Complaint stated that Appellees, along with other entities, acted as "co-conspirators" "attempting . . . to illegally collect a debt they do not own" and against asserting that Appellee's proof of claim was fraudulent. It further stated that the mortgage itself was fraudulent, constituting a "false debt," thus making Appellees' claim invalid.

Appellees moved to dismiss the adversary proceeding. They first argued that the Bankruptcy court lacked jurisdiction because the Adversary Complaint raised the same issues and

3

arguments as those contained in Green's first and second Objections to the Proof of Claim, which were pending on appeal before the Fourth Circuit.  They also argued that Green failed to state a claim upon which relief could be granted.

On October 9, 2020, the Bankruptcy Court entered an order staying the adversary proceeding because of Green's appeals pending before the District Court related to his Objections to the Proof of Claim.  Despite the stay, on January 27, 2021, Green filed a Motion to Compel Discovery, Enforce Subpoenas, and for Sanctions.  The Bankruptcy Court entered an order striking the motion due to the stay.  On February 26, 2021, Green moved for reconsideration of the order striking the motion, which the Bankruptcy Court denied.  On March 9, 2021, Green filed a Notice of Appeal, resulting in PJM-21-680.  Green has not sought to designate the record on appeal, nor has he filed an appellant brief.

Following the Fourth Circuit's opinion affirming the decision of the District Court, the Bankruptcy Court entered an order continuing the stay in the adversary proceeding to allow for resolution of the fraud issue that was remanded to the Bankruptcy Court in Green's main bankruptcy case.  The Bankruptcy Court scheduled a virtual hearing on the fraud issue for July 21, 2021.  Again, despite the stay in the adversary proceeding, Green filed a Motion to Cancel Proceedings Scheduled for July 2021 and to Enforce Stay Pending Appeals and for Contempt.  On May 14, 2021, the Bankruptcy Court entered an order striking the motion and mandating that Green obtain leave prior to filing substantive motions while the stay remained in effect.  On May 27, 2021, Green filed a Notice of Appeal, resulting in PJM-21-1334.  Green has not sought to designate the record on appeal, nor has he filed an appellant brief.  Instead, he filled a motion asking this Court to provide a status on all of his appeals and to issue detailed legal opinions on his claims.  ECF No. 5.

Then, on September 1, 2021, Green filed a Notice and Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, arguing that sanctions against Appellees and their counsel were appropriate given the allegedly fraudulent proof of claim. On September 15, 2021, the Bankruptcy Court entered an order striking the motion, explaining that the stay remained in effect and that Green had not sought leave to file his motion, as required by its prior order. On September 23, 2021, Green filed yet another Notice of Appeal, resulting in PJM-21-2443. In this appeal, too, Green has not sought to designate the record on appeal, nor has he filed an appellant brief. On December 14, 2021, he filed for a motion for extension of time to file his appellant brief. ECF No. 7.

On September 14, 2021, the Bankruptcy Court reset the hearing on fraud and scheduled it for November 17, 2021. It appears from the bankruptcy docket that the fraud issue has yet to be resolved.

## DISCUSSION

Pursuant to Federal Rules of Bankruptcy Procedure, a bankruptcy appellant must file a designation of record on appeal within 14 days of the notice of appeal. Fed. R. Bankr. P. 8009(a)(1)(B). The Rules also mandate that an appellant serve and file a brief within 30 days after "the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). The Rules further provide that if an appellant fails "to take any step other than the timely filing of a notice of appeal," a district court hearing the appeal has the authority to "act as it considers appropriate," such as, by "dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). *See also In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995) ("In dealing with their own appeals, courts of appeals thus exercise discretion in light of all the circumstances in deciding whether noncompliance with non-jurisdictional filing requirements warrants dismissal . . . In bankruptcy

appeals district courts should have similar discretion to reach a fair result in dealing with late filings." (internal citations and quotations omitted). Additionally, the Local Rules of the District of Maryland permit the Court to, upon its own initiative or upon the motion of the appellee, dismiss the appeal if the appellant has failed to comply with Bankruptcy Rules 8009 or 8018. Local Rules 404.2, 404.3.

The Court is not required, however, to dismiss an appeal for this procedural misstep. *See In re Silver Spring Fam. Med. Ctr.*, LLC, 550 B.R. 286, 291 (D. Md. 2016) (internal citations omitted). Before dismissing an appeal under Rule 8003(a)(2), the court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992). The Court finds that Green has demonstrated a history of bad faith, or at best, negligence.

In previous appeals, the Court has informed Green of Federal Rules of Bankruptcy Procedure 8009(a)(1)(B) and 8018, requiring him to file and serve his designation within 14 days of his appeal and to file and serve a brief within 30 days of his appeal. *See, e.g., Green v. 1900 Capital Trust II, by U.S. Bank Trust New Rez, LLC,* Civil No. TDC-19-2270, ECF Nos. 5, 10. *See also Green v. Prince George's County Office of Child Support,* Civil No. TDC-19-2852 (quoting Rule 8018 and noting "Green has been previously informed of this rule"). Additionally, as Appellees point out, upon receiving Green's notices of appeal, the Court mailed letters to both Green and Appellees explaining these requirements. *See Green v. Shellpoint, et al.,* Civil No. PJM-21-1334, ECF No. 6 at 2.

6

Despite being made aware of the requirements to designate the record on appeal and to file appellant briefs, Green has not done so. As noted in the Court's Memorandum Order in *Green v. Prince George's County Office of Child Support*, Civil No. PJM-21-2441, ECF No. 5, Green has appealed nearly every order of the Bankruptcy Court. Despite filing numerous appeals, he continues his pattern of noncompliance with the Federal Rules of Bankruptcy Procedure. It appears that Green is using the bankruptcy and appeal process as a tool to stave off the foreclosure of Property. Given his lengthy record of untimely, deficient filings in this and other related bankruptcy proceedings, Green's appeals will be dismissed. In addition, his motion for status in PJM-21-1334 (filed over 30 days after his appellant brief was due) and his motion for extension of time filed in PJM-21-2443 (filed over fifty days after his appellant brief was due) will be denied.

Even assuming Green had timely designated the records and timely filed appellant briefs, the Court would still dismiss these appeals. This Court has jurisdiction to hear appeals of the Bankruptcy Court's "final judgments, orders, and decrees." 28 U.S.C. § 158(a). Bankruptcy orders are subject to a "relaxed rule of appealability" and are "immediately appealable if they 'finally dispose of discrete disputes within the larger case.'" *Green v. Prince George's County Office of Child Support* (quoting *Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013) (internal citations and quotations omitted). None of the orders Green has appealed disposed of discrete disputes within his larger case. Indeed, all orders were entered pursuant to a stay implemented to facilitate the resolution of Green's fraud claim related to Appellees' Proof of Claim in his main bankruptcy case. Thus, these appeals do not present a "final judgment" as required for this Court to have jurisdiction.

## CONCLUSION

For the foregoing reasons, Green's appeals in Case Nos. PJM-21-680, PJM-21-1334, and

PJM-21-2443 are **DISMISSED**.

The Motion for Status in Civil No. PJM-21-1334 (ECF No. 5) is **DENIED**.

The Motion for Extension of Time in Civil No. PJM-21-2443 (ECF No. 7) is **DENIED**.

A separate order will **ISSUE**.

Date: January ___, 2022

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE